IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN ANDRONE,

    Plaintiff,

v.                             CASE NO. 5:17cv240-RH/GRJ

WESTROCK CP, LLC,

    Defendant.

_____/

## ORDER COMPELLING DISCOVERY AND AWARDING FEES

The defendant filed a motion to compel on December 8, 2017. According to the motion, the defendant served interrogatories and production requests on October 20, 2017, and the plaintiff did not respond at all. The deadline for a response to the motion to compel was December 22, 2017. The plaintiff did not file a response. It thus appears undisputed that the plaintiff did not respond to the defendant's discovery requests as required by the Federal Rules of Civil Procedure. This order compels the requested discovery.

Under Federal Rule of Civil Procedure 37(a)(5)(A), the party or attorney whose conduct necessitated a discovery motion "must" be ordered to pay the reasonable expenses incurred in making the motion, including attorney's fees,

unless the moving party filed the motion before attempting in good faith to obtain the discovery without court action, or the opposing party's position was "substantially justified," or "other circumstances make an award of expenses unjust." Unless one of these conditions is met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Under the circumstances of this case, an award is "mandatory," and I would make an award as a matter of discretion even if an award was not mandatory. To avoid unnecessary expense in determining the amount of the fee award, this order sets an amount, subject to redetermination.

For these reasons,

IT IS ORDERED:

1. The defendant's motion to compel, ECF No. 17, is granted.

2. By January 5, 2018, the plaintiff must serve complete and sworn answers to defendant's interrogatories 1–20. See ECF No. 17-2 at 2–8.

3. By January 5, 2018, the plaintiff must provide to the defendant's attorney a copy of, or make available to the defendant's attorney for inspection and copying, each document described in the defendant's production requests 1–27. See ECF No. 27-2 at 10–12.

4. The plaintiff must pay the defendant $600 as attorney's fees. If a party asserts that this is not the amount of fees reasonably incurred by the defendant on the motion to compel, the party may move within 14 days to redetermine the amount, and the matter will be reconsidered de novo. Attorney's fees may be assessed against the party who loses any such motion to redetermine. The fees assessed under or based on this order must be paid by January 16, 2018 (if no motion to redetermine is filed) or within 14 days after entry of an order on any motion to redetermine.

SO ORDERED on December 26, 2017.

s/Robert L. Hinkle
United States District Judge